# EXHIBIT A

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| William Stallworth, individually and on behalf of all others similarly situated, | : : | CIVIL ACTION FILE NO. |
| | : | 2015 CV 04047-8 |
| Plaintiff, | : | |
| | : | |
| Noble Recovery Services, LLC, Amy Gravley, and David Gravley, | : : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## COMPLAINT

COMES NOW Plaintiff, William Stallworth (hereinafter "Plaintiff"), by and through his undersigned attorneys, and asserts these claims individually and on behalf of all other current and former employees who are similarly situated, under the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.* ("FLSA") for overtime compensation violations, illegal retaliation, and other relief, on the grounds set forth below:

### JURISDICTION AND VENUE

1.

This Court has jurisdiction over Nobel Recovery Services, LLC (hereinafter "Noble"), Amy Gravley (hereinafter "Mrs. Gravley"), and David Gravley (hereinafter "Mr. Gravley and all named defendants, collectively are hereinafter "Defendant Employer").

2.

Venue is appropriate in this Court pursuant to O.G.G.A. Section 14-2-510 Noble's registered agent is located in Clayton County. Georgia.

## PARTIES

3.

Plaintiff is a former employee of Defendant Employer.

4.

Upon information and belief Defendants Mr. Gravley and Mrs. Gravley are residents of the state of Georgia and operate a vehicle location and repossession business: Noble Recovery Services, LLC.

5.

Upon information and belief, Defendants Mr. and Mrs. Gravley can be served with service of process at 2335 Sigman Industrial Ct. NW, Conyers, Georgia 30013. in the event that service of process is not waived.

6.

Defendant Noble is a limited liability company formed pursuant to the laws of the state of Georgia and registered with the Georgia Secretary of State to conduct business in this state.

7.

Upon information and belief, Defendant Noble may be served with service

2

of process through its registered agent, United States Corporation Agents, Inc., 1420 Southlake Plaza Dr., Morrow, GA 30260, in the event that service of process is not waived.

8.

Defendant Noble is an alter ego of Mr. Gravley and Mrs. Gravley.

9.

Upon information and belief, Defendant Noble and Mr. and Mrs. Gravley have comingled funds and assets, and Defendant Noble has not observed required corporate formalities to be a separate, distinct legal entity from Mr. and Mrs. Gravley.

10.

Defendants Noble, Mr. Gravley and Mrs. Gravley, individually, are each an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) as Defendants Noble, Mr. Gravley and Mrs. Gravley acted directly or indirectly in their own interest as an employer in interactions with Plaintiff and in the interest of Plaintiff's employer by controlling the terms and conditions of employment of Plaintiff on a day-to-day basis, including but not limited to setting the working hours, conditions of employment, frequency and amount of Plaintiff's compensation, as well as making the decision to hire or fire Plaintiff.

## FACTUAL ALLEGATIONS

11.

This action is brought by a former employee individually and on behalf of all other similarly situated persons against Defendant Employer for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA"), based upon Defendant Employer's common policy of misclassifying employees as FLSA-exempt employees, failing to properly compensate its employees for time worked, including paying overtime wages earned by Plaintiff, and retaliating against any employees who requested overtime compensation as required by the FLSA.

12.

Defendant Employer was engaged in interstate commerce through the acquisition of orders to locate and repossess vehicles from outside the state of Georgia, and the use of interstate banking to transfer funds and payments related to Defendant Employer's Operations.

13.

Upon information and belief, since 2012, Defendant Employer has had a volume of business in excess of $500,000 per year.

14.

Plaintiff was engaged in interstate commerce on a regular part of Plaintiff's

4

job, as Plaintiff would receive orders from customers located out of state and provide services to customers using the U.S. Mail, interstate telephone, and other interstate communications.

15.

Plaintiff's employment with Defendant Employer began on March 19, 2012.

16.

Plaintiff was hired by Defendant Employer as a "skip tracer" to locate individuals whose assets were to be located and repossessed for a creditor.

17.

Neither Plaintiff nor the other employees who were classified as "skip tracers" that performed skip-tracing functions were subject to any exemption from the overtime requirements of the FLSA.

18.

Once Plaintiff or another "skip tracer" received an order for asset location, Plaintiff and/or the other "skip tracers" would attempt to locate the debtor using databases that Defendant Employer subscribed to.

19.

The "skip tracers," including Plaintiff, would provide updates to the creditor via telephone, e-mail, or other means of interstate communication.

20.

5

Plaintiff typically worked for Defendant Employer five days per week: Monday through Friday.

21.

Plaintiff usually arrived at the workplace around 9:00 a.m. each morning.

22.

Plaintiff typically worked at the workplace until around 6:00 p.m. three days per week, and worked until approximately 7:00 p.m. two days per week.

23.

Plaintiff was directed by Defendant Employer to link his work e-mail account to his smart phone, and Plaintiff frequently continued to perform work beyond the time he left the workplace by checking e-mails throughout the evening and prior to his arrival at work each morning; Defendant Employer received e-mails from Plaintiff outside of Plaintiff's regular working hours, and had notice that Plaintiff was working more than 40 hours per week.

24.

Defendant Employer also automatically deducted an hour-long meal break from the number of hours that Plaintiff was paid for each day, despite Plaintiff not always receiving a lunch hour and frequently not being completely relieved of his responsibilities during the meal break.

6

25.

Most days, Defendant Employer had actual knowledge that Plaintiff was not completely relived of his job duties for a meal break because Plaintiff was frequently directed to go get lunch for Mr. Gravley or was not able to go to lunch because Mr. Gravley wanted Plaintiff to be in the office while Mr. Gravley was out of the office.

26.

Defendant Employer, pursuant to the FLSA, had a duty to pay Plaintiff and all other similarly situated persons one and one-half times their regular hourly rate for time worked in excess of forty (40) hours per week.

27.

Defendant Employer misclassified all of the "skip tracers" as FLSA-exempt, salaried employees for Defendant Employer's own pecuniary gain and financial benefit.

28.

Accordingly, Defendant Employer failed to pay Plaintiff and the other "skip tracers" overtime for hours worked in excess of 40 hours per week at a rate of one and one-half time the usual hourly rate as required by the FLSA.

29.

Upon information and belief, Defendant Employer did not create or maintain

7

accurate records of the number of hours worked by Plaintiff or any other "skip tracer" during their employment with Defendant Employer.

30.

Defendant Employer has failed to meet the requirements for any of the exemptions from application of the overtime rate required under the FLSA for Plaintiff or any of the "skip tracers."

31.

Defendant Employer knew or should have known that the FLSA applied to Plaintiff and the other "skip tracers."

32.

Upon information and belief, in failing or refusing to pay Plaintiff overtime wages as required by the FLSA, Defendant Employer has not relied on any letter ruling from the Department of Labor indicating that Plaintiff or any skip tracer was not entitled to overtime.

33.

Defendant Employer's conduct constitutes willful violations of the FLSA, entitling Plaintiff all relief afforded under the FLSA, including the award of liquidated damages and reasonable costs of litigation and attorneys' fees.

34.

On or around July 29, 2015, Plaintiff contacted a former employee and

8

asked if the former employee had been paid overtime or was classified as a salaried employee.

35.

The former employee indicated to Plaintiff that she did not want to be involved in the dispute.

36.

The same former employee that Plaintiff contacted then contacted Mr. Gravley via phone or text message to inform him that Plaintiff was seeking overtime pay and might file a claim against Defendant Employer for unpaid overtime.

37.

After being contacted by the former employee, Defendant Employer decided to terminate Plaintiff's employment because Plaintiff was seeking overtime pay.

38.

Defendant Employer discharged Plaintiff on or around July 29, 2015, by changing the passwords to Plaintiff's e-mail account and databases Plaintiff accessed to perform skip tracing.

39.

Because Plaintiff had seen Defendant Employer terminate other employees in the same manner, Plaintiff texted Mr. Gravley and asked if Plaintiff should pick

9

up his personal items then or the next day.

40.

Mr. Gravley texted Plaintiff back to pick up Plaintiff's personal items that evening.

41.

Plaintiff returned to the workplace around 8:30 p.m. to collect his personal possessions.

42.

The following morning, on or around July 30, 2015, Plaintiff received a return call from a representative of the United States Department of Labor ("DOL").

43.

After discussing the duties of a "skip tracer" with Plaintiff, the DOL representative told Plaintiff that Plaintiff should have been classified by Defendant Employer as an hourly employee, and that Plaintiff was entitled to overtime for all hours worked in excess of 40 hours per week.

44.

After talking to the DOL representative, Plaintiff returned to the workplace and told Mr. Gravley that Plaintiff was entitled to overtime pay, and demanded that Plaintiff be paid for his overtime.

10

45.

While denying Plaintiff's request for payment of the unpaid overtime, Mr. Gravley told Plaintiff that Plaintiff had been fired because Mr. Gravley had received text messages about Plaintiff wanting to sue for his overtime, and that Defendant Employer was not going to permit someone to remain employed who was trying to sue Defendant Employer.

46.

Accordingly, the true reason for Plaintiff's termination was to retaliate against Plaintiff for his complaint of unpaid overtime, to prevent Plaintiff from making further complaints of unpaid overtime, and to chill other employees from complaining about unpaid overtime.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

### (Overtime Violations)

47.

Paragraphs 1 through 46 are incorporated herein by this reference.

48.

Defendant Employer's failure to compensate Plaintiff and the other "skip tracers" for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended.

49.

Such violation is intentional and willful.

50.

Said violation gives rise to a claim for relief under the FLSA for Plaintiff and each member of the class he represents for unpaid overtime compensation from three years preceding the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT TWO: VIOLATION OF 29 U.S.C. § 215

### (ILLEGAL RETALIATION)

51.

Paragraphs 1 through 50 are incorporated herein by this reference.

52.

Plaintiff engaged in protected activity under the FLSA and the National Labor Relations Act ("NLRA") by contacting other employees to determine if Plaintiff was entitled to overtime pay under the FLSA.

53.

The same day Plaintiff began making inquiries about his overtime, Plaintiff was fired.

54.

Defendant Employer terminated Plaintiff's employment in retaliation for Plaintiff's complaint that Plaintiff was not being paid the overtime to which he was entitled.

55.

Defendant Employer's failure to compensate Plaintiff for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.

56.

Defendant Employer's violation of Section 215 of the FLSA gives rise to a claim for relief under the FLSA, including but not limited to back pay, front pay, compensatory damages, lost wages, liquidated damages equal to the lost wages, reasonable attorney's fees. and an award of reasonable attorney's fees.

**WHEREFORE**, the Plaintiff requests this Court:

(a)     take jurisdiction of this matter;

(b)     issue an Order holding Defendants Noble, Mr. Gravley, and Mrs. Gravley to be an "employer" as that term is defined under the FLSA;

(c)     grant a trial by jury as to all matters properly triable to a jury;

(d)     issue a judgment declaring that Plaintiff and all other "skip tracers"

13

were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(e) award Plaintiff equitable relief in the form of front pay in lieu of reinstatement and grant Plaintiff an award of back pay from the date of Plaintiff's termination by Defendant Employer;

(f) award Plaintiff and payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, plus liquidated damages equaling 100% of overtime due to Plaintiff, as required by the FLSA;

(g) award Plaintiff prejudgment interest on all amounts owed;

(h) award Plaintiff his reasonable attorney's fees and costs;

(i) appoint a permanent monitor to review Defendant Employer's compliance with the requirements of the FLSA each pay period,

(j) enter a permanent injunction prohibiting Defendant Employer from classifying any "skip tracers" as FLSA-exempt, salaried employees and prohibiting Defendant Employer from engaging in any retaliatory acts for activities protected under the FLSA; and

(k) award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 12th day of October, 2015.

14

_____

J. Stephen Mixon
Georgia Bar No. 514050
Counsel for Plaintiff

_____

Alex R. Roberson
Georgia Bar No. 558117
Counsel for Plaintiff

MILLAR & MIXON, LLC
1691 Phoenix Boulevard, Suite 150
Atlanta, GA 30349
Telephone: (770) 955-0100
Facsimile: (678) 999-5039

15

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

William Stallworth, individually and on  :
behalf of all others similarly situated.   :      CIVIL ACTION FILE NO.
                                            :
        Plaintiff,                          :
                                            :
Noble Recovery Services, LLC,  Amy          :
Gravley, and David Gravley.                 :
                                            :      JURY TRIAL DEMANDED
        Defendants.                         :

VERIFICATION AND CONSENT TO SERVE AS PARTY PLAINTIFF

State of Georgia
Clayton County

    COMES NOW William Stallworth, who states under penalty of perjury that

the facts stated in the foregoing pleading are true, and that he consents to serve as a

party plaintiff for all other similarly situated persons who may have an overtime or

retaliation claim against Noble Recovery Services, LLC, Amy Gravley, or David

Gravley.


                                    William Stallworth


                                    Date


16

## General Civil Case Filing Information Form (Non-Domestic)

Court      County Clayton      Date Filed 10-13-2015
☒ Superior                                 MM-DD-YYYY
☐ State       Docket # _____

**Plaintiff(s)**
Stallworth, William
Last    First    Middle I   Suffix   Prefix     Maiden

Last    First    Middle i   Suffix   Prefix     Maiden

Last    First    Middle I   Suffix   Prefix     Maiden

Last    First    Middle I   Suffix   Prefix     Maiden

No. of Plaintiffs   1

**Defendant(s)**
Noble Recovery Svcs, LLC
Last    First    Middle I   Suffix   Prefix     Maiden

Grauley, Amc
Last    First    Middle I   Suffix   Prefix     Maiden

Grauley, David
Last    First    Middle I   Suffix   Prefix     Maiden

Last    First    Middle I   Suffix   Prefix     Maiden

No. of Defendants   3

**Plaintiff/Petitioner's Attorney**    ☐ Pro Se
Roberson, Alex R
Last    First        Middle I.   Suffix

Bar #   558117

| Check Primary Type (Check only ONE) | If Tort is Case Type: (Check no more than TWO) |
|---|---|
| ☐ Contract/Account | ☐ Auto Accident |
| ☐ Wills/Estate | ☐ Premises Liability |
| ☐ Real Property | ☐ Medical Malpractice |
| ☐ Dispossessory/Distress | ☐ Other Professional Negligence |
| ☐ Personal Property | ☐ Product Liability |
| ☐ Equity | ☐ Other Specify _____ |
| ☐ Habeas Corpus | |
| ☐ Appeals, Reviews | Are Punitive Damages Pleaded? ☐ Yes ☐ No |
| ☐ Post Judgment Garnishment, Attachment, or Other Relief | |
| ☐ Non-Domestic Contempt | |
| ☐ Tort (If tort, fill in right column) | |
| ☒ Other General Civil Specify FLSA 42 U.SC. §201 | |

NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:   David Gravley
      2335 Sigman Industrial Court, NW
      Conyers, GA 30013

DATE:  October 13, 2015

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed).  A copy of the petition is attached to this notice. The petition has been filed in the Superior Court for the State of Georgia in and for the County of Clayton and has been assigned 2015-cv-04047-8.

This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days (or 60 days if located outside any judicial district of the United States) after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the Waiver of Service is also attached for your records. YOU ARE ENTITLED TO CONSULT WITH YOUR ATTORNEY REGARDING THIS MATTER.

If you comply with this request and return the signed Waiver of Service, the waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed except that you will not be obligated to answer or otherwise respond to the petition within 60 days from the date designated below as the date on which this notice is sent (or within 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and then, to the extent authorized by those rules, I will ask the court to require you (or the party on whose behalf you are addressed) to pay the full cost of such service. In that connection, please read the statement concerning the duty of parties to avoid unnecessary costs of service of summons, which is set forth on the Notice of Duty to Avoid Unnecessary Costs of Service of Summons enclosed herein.

I affirm that this Notice of Lawsuit and Request for Waiver of Service of Summons is being sent to you on behalf of the Plaintiff on this 13th day of October, 2015.

_____
Alex R. Roberson, Esq.

WAIVER OF SERVICE OF SUMMONS

To:    J. Stephen Mixon, Esq. and Alex R. Roberson, Esq.
       1691 Phoenix Blvd., Suite 150
       Atlanta, GA 30349

I acknowledge receipt of your request that I waive service of a summons in the action of William Stallworth v. Noble Recovery Services, LLC, Amy Gravley and David Gravley, which is case number 2015-cv-04047-8 in the Superior Court of the State of Georgia in and for the County of Clayton. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

DATE: _____

_____
David Gravley

_____

NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

To:   J. Stephen Mixon, Esq. and Alex R. Roberson, Esq.
      1691 Phoenix Blvd., Suite 150
      Atlanta, GA 30349

I acknowledge receipt of your request that I waive service of a summons in the action of William Stallworth v. Noble Recovery Services, LLC, Amy Gravley and David Gravley, which is case number 2015-cv-04047-8 in the Superior Court of the State of Georgia in and for the County of Clayton. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer is not served upon you within 60 days after the date this waiver was sent, or within 90 days after that date if the request for the waiver was sent outside the United States.

DATE: _____

_____
David Gravley

---

### NOTICE OF DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.