# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM STALLWORTH, INDIVIDUALY AND ON BEHALF OF OTHERS SIMILARLY SITUATED | ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:15-CV-03978-ELR |
| v. | ) ) | |
| NOBLE RECOVERY SERVICES, LLC, AMY GRAVLEY, AND DAVID GRAVLEY | ) ) ) ) ) | Removal from Superior Court of Clayton County, Georgia Civil Action No. 2015-CV-04047-8 |
| Defendant. | ) | |

## DEFENDANT DAVID GRAVLEY'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant David Gravley ("Defendant" or "Mr. Gravley"), by and through undersigned counsel, hereby files his Answers and Affirmative Defenses to Plaintiff's Complaint ("Complaint"), showing this Honorable Court as follows:

## GENERAL DENIAL

Except as specifically admitted herein, Defendant denies each and every allegation contained in Plaintiff's Complaint and demand strict proof thereof.

1

Defendant further denies any violations or wrongdoing of any kind and, therefore, denies that Plaintiff is entitled to any relief or remedy.

## AFFIRMATIVE DEFENSES

Defendant asserts the following Affirmative Defenses to the causes of action asserted in Plaintiff's Complaint, undertaking to prove only those defenses on which it bears the burden of proof under applicable law:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and laches.

## THIRD AFFIRMATIVE DEFENSE

At all material times, Defendant acted in good faith and with a reasonable belief that it was in compliance with all applicable statutes, laws, and regulations, orders, rulings, and judicial interpretations of law. Defendant did not willfully violate any applicable laws or regulations. Plaintiff, therefore, is not entitled to liquidated damages, an extended limitations period, statutory penalties, or any other damages that are punitive or exemplary in nature.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because no act, breach, or omission of Defendant either proximately caused or contributed to whatever damages, if any, Plaintiff may have sustained.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts sufficient to state a claim for compensatory or punitive damages, and/or any other damages or relief sought, or to justify an award of attorneys' fees or costs.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the purported claims and/or relief sought in the Complaint are barred because all decisions taken with respect to Plaintiff's employment were based upon legitimate, non-discriminatory and non-retaliatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were the direct and proximate result of his own misconduct.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by any failure to mitigate his alleged damages.

### NINTH AFFIRMATIVE DEFENSE

Some or all of the purported claims and/or relief sought in the Complaint are barred because Defendant maintained, disseminated and enforced a clear policy regarding overtime and retaliation for complaining about any employment issue thereby establishing reasonable and effective means of reporting and seeking relief from conduct believed to be retaliatory and because Defendant acted in accordance with this policy at all times.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they were released and/or are prohibited by principles of collateral estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and correct any violations of federal and state law preventing retaliation. To the extent that Plaintiff lodged work-related complaints, such complaints were fully investigated, and Defendant took prompt and effective remedial action in response to those complaints to the extent that those complaints could be substantiated.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant did not act fraudulently or with actual malice, deliberate violence or oppression, or willfully or with such gross negligence as to indicate a wanton

disregard for the rights of others. Thus, there is no basis in law or fact for Plaintiff to seek or recover punitive damages against Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he was properly compensated for all hours worked.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff claims are barred because he was exempt from the minimum wage and overtime provisions of the FLSA.

### FIFTEENTH AFFIRMATIVE

Defendant asserts that any claim for unpaid wages by Plaintiff must be offset by any premium compensation, overpayments, bonuses, or other job-related benefits paid or provided to Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that any claim for unpaid wages cannot be recovered by Plaintiff for periods of time during which he performed work in violation of Defendant's personnel policies and/or without Defendant's knowledge of and approval to perform such work.

## SEVENTEETH AFFIRMATIVE DEFENSE

Even if Defendant misclassified Plaintiff exempt, which Defendant denies, Plaintiff is not entitled to overtime compensation because he did not work more than 40 hours in any work week.

## JURISDICTION AND VENUE[1]

1. The allegations contained in Paragraph 1 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent a response is required, Defendant does not dispute that this Court has jurisdiction over Defendant, but denies that he committed any unlawful or wrongful acts toward Plaintiff. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 1 of the Complaint.

2. The allegations contained in Paragraph 2 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant admits that Defendant Noble Recovery Services, LLC's ("NRS") registered agent is located in Clayton County, Georgia, but denies that he committed any unlawful or wrongful

---

[1] Defendant makes no admission of any sort by virtue of its adoption of Plaintiff's headings in providing this Answer. Rather, Defendant has done so for purposes of continuity, clarity and organization, but reserve all substantive rights to contest any point of law or fact in this regard.

acts toward Plaintiff. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 2 of the Complaint.

## PARTIES

3. Defendant admits that NRS formerly employed Plaintiff. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 3 of the Complaint.

4. Defendant admits only that he and Mrs. Gravley are residents of the state of Georgia. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 4 of the Complaint.

5. Admitted.

6. Admitted.

7. Defendant admits that NRS's registered agent is United States Corporations Agents, Inc., 1420 Southlake Plaza, Dr., Morrow, Georgia 30260. The remaining allegations contained in Paragraph 7 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent a response is required, Defendant denies that he committed any unlawful or wrongful acts toward Plaintiff. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 7 of the Complaint.

8. Denied.

9. Denied.

10. Denied.

## **FACTUAL ALLEGATIONS**

11. Defendant admits that, based on its review of the Complaint, Plaintiff appears to bring this action individually and on behalf of all other similarly situated persons for alleged violations of the Fair Labor Standards Act of 1938, but denies that he committed any unlawful or wrongful acts toward Plaintiff. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 11 of the Complaint.

12. The allegations contained in Paragraph 12 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the allegations contained in Paragraph 12 of the Complaint. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 12 of the Complaint.

13. Denied.

14. Defendant admits that Plaintiff received orders from NRS's customers located out of the state of Georgia through various means. The remaining

allegations contained in Paragraph 14 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff's employment with NRS began on or about March 19, 2012.

16. Denied.

17. The allegations contained in Paragraph 17 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies that Plaintiff's primary job duties were that of a "skip tracer." Defendant further denies that he committed any unlawful or wrongful acts toward Plaintiff. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 17 of the Complaint.

18. Defendant admits that part of a "skip tracer's" responsibility is to locate collateral using databases provided by NRS. Defendant denies that Plaintiff's primary job duties were that of a "skip tracer" and denies that he committed any

unlawful or wrongful acts toward Plaintiff. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 18 of the Complaint.

19. Defendant admits that part of a "skip tracer's" responsibility is to provide updates to NRS's clients. Defendant denies that Plaintiff's primary job duties were that of a skip tracer and denies that he committed any unlawful or wrongful acts toward Plaintiff. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff was supposed to work Monday through Friday, but denies that Plaintiff typically worked the entire five days or that Plaintiff ever worked overtime. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 20 of the Complaint.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. The allegations contained in Paragraph 26 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies that he

committed any unlawful or wrongful acts toward Plaintiff. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 26 of the Complaint.

27. Denied.

28. Denied.

29. Denied.

30. The allegations contained in Paragraph 30 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the allegations contained in Paragraph 30 of the Complaint. Defendant further denies that he committed any unlawful or wrongful acts toward Plaintiff. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 30 of the Complaint.

31. Denied.

32. Denied.

33. Denied.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint and,

therefore, those allegations stand denied. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 34 of the Complaint.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint and, therefore, those allegations stand denied. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 35 of the Complaint.

36. Denied.

37. Denied.

38. Defendant admits that, due to the nature of NRS's business and the need to protect confidential client information, NRS disabled Plaintiff's access to NRS's databases and email prior to communicating its decision to terminate Plaintiff's employment to Plaintiff. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 38 of the Complaint.

39. Defendant admits that Plaintiff sent him a text message the evening that NRS disable his access to NRS's databases to inquire about picking up his belongings. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 39 of the Complaint.

40. Admitted.

41. Defendant admits that Plaintiff collected his personal belongings from NRS's premises. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 41 of the Complaint.

42. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and, therefore, those allegations stand denied. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 42 of the Complaint.

43. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint and, therefore, those allegations stand denied. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 43 of the Complaint.

44. Defendant admits that, on or about July 30, 2015, Plaintiff came to NRS's office and started to scream and yell at him. Plaintiff also demanded payment of $20,000 or else he would sue NRS. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding his communications with others and, therefore, those allegations stand denied. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 44 of the Complaint.

45. Denied.

46. Denied.

## COUNT ONE: ALLEGED VIOLATION OF 29 U.S.C §207

47. Defendant reasserts and incorporates by reference the corresponding denials and admissions contained, respectively, in his prior responses.

48. Denied.

49. Denied.

50. Denied.

## COUNT TWO: ALLEGED VIOLATION OF 29 U.S.C. §215

51. Defendant reasserts and incorporates by reference the corresponding denials and admissions contained, respectively, in his prior responses.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## RESPONSE TO PRAYER FOR RELIEF

Although a specific response is not required to Plaintiff's Prayer for Relief, Defendant denies that it committed any unlawful or wrongful acts toward Plaintiff. Defendant further denies that Plaintiff is entitled to the relief sought therein.

Plaintiff's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Plaintiff should take nothing.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to add any additional defenses or counterclaims based upon further investigation including, but not limited to, defenses that may be revealed through discovery.

**WHEREFORE**, having fully responded to Plaintiff's Complaint, Defendant respectfully requests that at the conclusion of this action the Court grant it the following relief:

1. Dismissal of Plaintiff's Complaint in its entirety and with prejudice;

2. Denial of each and every prayer for relief identified in Plaintiff's Complaint;

3. Award against Plaintiff for Defendant's reasonable attorneys' fees and costs associated with defending this action brought in bad faith;

4. Award Defendant any and all other legal and equitable relief that this Court deems just and proper.

Respectfully submitted this 18th day of November, 2015.

        **PRIOLEAU & MILFORT, LLC**

        <u>/s/ Job J. Milfort</u>
        Job J. Milfort, Esq.
        Georgia Bar No. 515915
        job@pmlawteam.com

        BB&T Building -- Atlantic Station
        271 17th Street, N.W., Suite 520
        Atlanta, Georgia  30363
        Phone:  (404) 681-4886
        Fax:  (404) 920-3330

        *Attorney for Defendant Noble Recovery Services, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| WILLIAM STALLWORTH, INDIVIDUALY AND ON BEHALF OF OTHERS SIMILARLY SITUATED | ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:15-CV-03978 |
| v. | ) ) | |
| NOBLE RECOVERY SERVICES, LLC, AMY GRAVLEY, AND DAVID GRAVLEY | ) ) ) ) ) | Removal from Superior Court of Clayton County, Georgia Civil Action No. 2015-CV-04047-8 |
| Defendant. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on November 18, 2015, I electronically filed the foregoing Defendant David Gravley's Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

    J. Stephen Mixon, Esq.
    Alex R. Roberson, Esq.
    Millar & Mixon, LLC
    1691 Phoenix Boulevard, Suite 150
    Atlanta, Georgia 30303
    (770) 955-0100 (telephone)
    (678) 999-5039 (facsimile)

This 18th day of November, 2015.

                                      /s/ Job J. Milfort
                                      Job J. Milfort, Esq.
                                      Georgia Bar No. 515915