IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM STALLWORTH AND ERIC LOGAN, INDIVIDUALY AND ON BEHALF OF OTHERS SIMILARLY SITUATED | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:15-CV-03978-ELR |
| v. | ) ) | |
| NOBLE RECOVERY SERVICES, LLC, AMY GRAVLEY, AND DAVID GRAVLEY | ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**DEFENDANT NOBLE RECOVERY SERVICES, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Noble Recovery Services, LLC ("Defendant" or "NRS"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint ("Complaint"), showing this Honorable Court as follows:

## **GENERAL DENIAL**

Except as specifically admitted herein, Defendant denies each and every allegation contained in Plaintiffs' Complaint and demand strict proof thereof. Defendant further denies any violations or wrongdoing of any kind and, therefore, denies that Plaintiffs are entitled to any relief or remedy.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following Affirmative Defenses to the causes of action asserted in Plaintiffs' Complaint, undertaking to prove only those defenses on which it bears the burden of proof under applicable law:

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands and laches.

## **THIRD AFFIRMATIVE DEFENSE**

At all material times, Defendant acted in good faith and with a reasonable belief that it was in compliance with all applicable statutes, laws, and regulations, orders, rulings, and judicial interpretations of law. Defendant did not willfully

violate any applicable laws or regulations. Plaintiffs, therefore, are not entitled to liquidated damages, an extended limitations period, statutory penalties, or any other damages that are punitive or exemplary in nature.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because no act, breach, or omission of Defendant either proximately caused or contributed to whatever damages, if any, Plaintiffs may have sustained.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege facts sufficient to state a claim for compensatory or punitive damages, and/or any other damages or relief sought, or to justify an award of attorneys' fees or costs.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the purported claims and/or relief sought in the Complaint are barred because all decisions taken with respect to Plaintiffs' employment were based upon legitimate, non-discriminatory and non-retaliatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiffs were the direct and proximate result of their own conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for damages are barred, in whole or in part, by any failure to mitigate their alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

Some or all of the purported claims and/or relief sought in the Complaint are barred because Defendant maintained, disseminated and enforced a clear policy regarding overtime and retaliation for complaining about any employment issue thereby establishing reasonable and effective means of reporting and seeking relief from conduct believed to be retaliatory and because Defendant acted in accordance with this policy at all times.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent they were released and/or are prohibited by principles of collateral estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant exercised reasonable care to prevent and correct any violations of federal and state law preventing retaliation. To the extent that Plaintiffs lodged work-related complaints, such complaints were fully investigated, and Defendant took prompt and effective remedial action in response to those complaints to the extent that those complaints could be substantiated.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant did not act fraudulently or with actual malice, deliberate violence or oppression, or willfully or with such gross negligence as to indicate a wanton disregard for the rights of others. Thus, there is no basis in law or fact for Plaintiffs to seek or recover punitive damages against Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they were properly compensated for all hours worked.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff William Stallworth's claims are barred because he was exempt from the minimum wage and overtime provisions of the FLSA.

## FIFTEENTH AFFIRMATIVE

Defendant asserts that any claim for unpaid wages by Plaintiffs must be offset by any premium compensation, overpayments, bonuses, or other job-related benefits paid or provided to Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that any claim for unpaid wages cannot be recovered by Plaintiffs for periods of time during which they performed work in violation of

Defendant's personnel policies and/or without Defendant's knowledge of and approval to perform such work.

## SEVENTEETH AFFIRMATIVE DEFENSE

Even if Defendant misclassified Plaintiffs' exempt, which Defendant denies, Plaintiffs are not entitled to overtime compensation because they did not work more than 40 hours in any work week.

## JURISDICTION AND VENUE[1]

1. The allegations contained in Paragraph 1 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent a response is required, Defendant admits that this Court has jurisdiction over Defendant, but denies that it committed any unlawful or wrongful acts toward Plaintiff. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 1 of the Complaint.

2. The allegations contained in Paragraph 2 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant admits that venue is proper in this Court, but denies that it committed any unlawful or wrongful acts

---

[1] Defendant makes no admission of any sort by virtue of its adoption of Plaintiffs' headings in providing this Answer. Rather, Defendant has done so for purposes of continuity, clarity and organization, but reserve all substantive rights to contest any point of law or fact in this regard.

toward Plaintiffs. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 2 of the Complaint.

## PARTIES

3. Defendant admits that it formerly employed Plaintiffs William Stallworth ("Stallworth") and Eric Logan ("Logan"). Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 3 of the Complaint.

4. Upon information and belief, Defendant admits only that Defendants Mr. Gravley and Mrs. Gravley are residents of the state of Georgia. Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and, therefore, those allegations stand denied. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 5 of the Complaint.

6. Admitted.

7. Defendant admits that its registered agent is United States Corporations Agents, Inc., 1420 Southlake Plaza, Dr., Morrow, Georgia 30260. The remaining allegations contained in Paragraph 7 of the Complaint recite legal

conclusions to which no responsive pleading by Defendant can or should be framed. To the extent a response is required, Defendant denies that it committed any unlawful or wrongful acts toward Plaintiff. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 7 of the Complaint.

  8. Denied.

  9. Denied.

  10. Denied.

## FACTUAL ALLEGATIONS

  11. Defendant admits that, based on its review of the Complaint, Plaintiffs appear to bring this action individually and on behalf of all other similarly situated persons for alleged violations of the Fair Labor Standards Act of 1938, but denies that it committed any unlawful or wrongful acts toward Plaintiffs. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 11 of the Complaint.

  12. The allegations contained in Paragraph 12 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the allegations contained in Paragraph 12 of the Complaint. Except as expressly

admitted herein, Defendant denies each and every allegation in Paragraph 12 of the Complaint.

13. Denied.

14. Defendant admits that Plaintiffs received orders from customers located out of the state of Georgia through various means. The remaining allegations contained in Paragraph 14 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 14 of the Complaint.

15. The allegations contained in Paragraph 15 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the allegations contained in Paragraph 15 of the Complaint. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 15 of the Complaint.

16. The allegations contained in Paragraph 16 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the

allegations contained in Paragraph 16 of the Complaint. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 16 of the Complaint.

17. Admitted.

18. Denied.

19. Defendant admits that it employed Plaintiff Logan beginning in March 2014. Defendant also admits that Plaintiff Logan's last day worked was in December 2014. Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff Logan performed "skip tracer" duties, which included locating assets for its clients. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 20 of the Complaint.

21. Defendant admits that it paid Plaintiffs every Friday. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 21 of the Complaint.

22. The allegations contained in Paragraph 22 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies that Plaintiff Stallworth's primary job duties were that of a "skip tracer." Defendant further

denies that it committed any unlawful or wrongful acts toward Plaintiffs. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 22 of the Complaint.

23. Defendant admits that part of a "skip tracer's" responsibility is to locate collateral using databases provided. Defendant denies that Plaintiff Stallworth's primary job duties were that of a "skip tracer" and denies that it committed any unlawful or wrongful acts toward Plaintiffs. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 23 of the Complaint.

24. Defendant admits that part of a "skip tracer's" responsibility is to provide updates to clients. Defendant denies that Plaintiff Stallworth's primary job duties were that of a "skip tracer" and denies that it committed any unlawful or wrongful acts toward Plaintiffs. Except as expressly admitted herein, Defendant denies each and every allegation contained in Paragraph 24 of the Complaint.

25. Defendant admits that Plaintiffs were supposed to work Monday through Friday, but denies that Plaintiffs typically worked the entire five days or that Plaintiffs ever worked overtime. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 25 of the Complaint.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. The allegations contained in Paragraph 32 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies that it committed any unlawful or wrongful acts toward Plaintiffs. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 32 of the Complaint.

33. Denied.

34. Denied.

35. Denied.

36. The allegations contained in Paragraph 36 of the Complaint recite legal conclusions to which no responsive pleading by Defendant can or should be framed. To the extent that a response is warranted, Defendant denies the allegations contained in Paragraph 36 of the Complaint. Defendant further denies that it committed any unlawful or wrongful acts toward Plaintiff. Except as

expressly admitted herein, Defendant denies each and every allegation in Paragraph 36 of the Complaint.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint and, therefore, those allegations stand denied. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 49 of the Complaint.

50. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint and, therefore, those allegations stand denied. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 50 of the Complaint.

51. Denied.

52. Denied.

53. Defendant admits that, due to the nature of its business and the need to protect confidential client information, it disabled Plaintiff Stallworth's access to its databases and email prior to communicating its decision to terminate Plaintiff Stallworth's employment to Plaintiff Stallworth. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 53 of the Complaint.

54. Defendant admits that Plaintiff Stallworth sent Mr. Gravley a text message the evening that Defendant disable his access to its databases to inquire about picking up his belongings. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 54 of the Complaint.

55. Admitted.

56. Defendant admits that Plaintiff collected his personal belongings from its premises. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 56 of the Complaint.

57. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint and, therefore, those allegations stand denied. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 57 of the Complaint.

58. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint and, therefore, those allegations stand denied. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 58 of the Complaint.

59. Defendant admits that, on or about July 30, 2015, Plaintiff Stallworth came to its office and started to scream and yell at Mr. Gravely. Plaintiff Stallworth also demanded payment of $20,000 or else he would sue Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding his communications with others and, therefore, those allegations stand denied. Except as expressly admitted herein, Defendant denies each and every allegation in Paragraph 59 of the Complaint.

60. Denied.

61. Denied.

### COUNT ONE: ALLEGED VIOLATION OF 29 U.S.C §207

62. Defendant reasserts and incorporates by reference the corresponding denials and admissions contained, respectively, in its prior responses.

63. Denied.

64. Denied.

65. Denied.

### COUNT TWO: ALLEGED VIOLATION OF 29 U.S.C. §215

66. Defendant reasserts and incorporates by reference the corresponding denials and admissions contained, respectively, in its prior responses.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

### COUNT THREE: ALLEGED ASSAULT

73. Defendant reasserts and incorporates by reference the corresponding denials and admissions contained, respectively, in its prior responses.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## **RESPONSE TO PRAYER FOR RELIEF**

Although a specific response is not required to Plaintiffs' Prayer for Relief, Defendant denies that it committed any unlawful or wrongful acts toward Plaintiffs. Defendant further denies that Plaintiffs are entitled to the relief sought therein. Plaintiffs' Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Plaintiffs should take nothing.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to add any additional defenses or counterclaims based upon further investigation including, but not limited to, defenses that may be revealed through discovery.

**WHEREFORE**, having fully responded to Plaintiffs' Amended Complaint, Defendant respectfully requests that at the conclusion of this action the Court grant it the following relief:

1. Dismissal of Plaintiffs' Amended Complaint in its entirety and with prejudice;

2. Denial of each and every prayer for relief identified in Plaintiffs' Amended Complaint;

3. Award against Plaintiffs for Defendant's reasonable attorneys' fees and costs associated with defending this action brought in bad faith;

4. Award Defendant any and all other legal and equitable relief that this Court deems just and proper.

Respectfully submitted this 6th day of December, 2015.

**PRIOLEAU & MILFORT, LLC**

/s/ Job J. Milfort
Job J. Milfort, Esq.
Georgia Bar No. 515915
job@pmlawteam.com

BB&T Building -- Atlantic Station
271 17th Street, N.W., Suite 520
Atlanta, Georgia 30363
Phone: (404) 681-4886
Fax: (404) 920-3330

*Attorney for Defendant Noble Recovery Services, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM STALLWORTH AND ERIC LOGAN, INDIVIDUALY AND ON BEHALF OF OTHERS SIMILARLY SITUATED | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:15-CV-03978-ELR |
| v. | ) ) | |
| NOBLE RECOVERY SERVICES, LLC, AMY GRAVLEY, AND DAVID GRAVLEY | ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## **CERTIFICATE OF SERVICE**

I certify that on December 6, 2015, I electronically filed the foregoing Defendant Noble Recovery Services, LLC's Answer and Affirmative Defenses to Plaintiffs' Amended Complaint with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

> J. Stephen Mixon, Esq.
> Alex R. Roberson, Esq.
> Millar & Mixon, LLC
> 1691 Phoenix Boulevard, Suite 150
> Atlanta, Georgia 30303

(770) 955-0100 (telephone)
(678) 999-5039 (facsimile)

This 6th day of December, 2015.

                                       <u>/s/ Job J. Milfort</u>
                                       Job J. Milfort, Esq.
                                       Georgia Bar No. 515915